WILLIAM H. HALE, Respondent, *v.* JOHN P. WORSTELL, JOSEPH P. MCNAMARA, EDWARD M. GROUT, as Comptroller of the City of New York, JOHN H. MCCOOEY, JOSEPH P. DAY, EDWARD A. CROWNINSHIELD, JEROME SIEGEL, HAL BELL, and EUGENE F. O'CONNOR, as Commissioners, Constituting the Municipal Civil Service Commission of the City of New York, MARTIN W. LITTLETON, as President of the Borough of Brooklyn, JOHN C. BRACKENRIDGE, as Commissioner of Public Works for the Borough of Brooklyn, and CHARLES C. WISE, as Superintendent of the Bureau of Public Buildings and Offices of the Borough of Brooklyn, Appellants.*

(Supreme Court, Kings Special Term, August, 1905.)

Municipal corporations — Officers and employees — Civil Service Law — Greater New York charter, § 123 et seq.— Promotions contravening statute.

The transfer of a bath attendant, rated seventh on the eligible list for both positions of assistant superintendent and superintendent of public baths and comfort stations in the borough of Brooklyn, to each of such positions, successively, is, in law and fact, a promotion and contrary to the Constitution and section 123 *et seq.* of the Greater New York charter, which require that both appointments and promotions shall be from competitive examinations and according to the rating established thereby; and a taxpayer's action will lie to restrain payment to him of the salary of the latter position, and, also, to restrain the payment of an assistant superintendent's salary to one who had been a third grade clerk in the bureau of buildings and who, upon the aforesaid examination, was rated seventeenth on the eligible list and had been transferred to the position of assistant superintendent of baths and comfort stations in said borough.

SUIT by a taxpayer to restrain the waste of the funds of the city of New York by payment of salaries to defendants Worstell and McNamara for the positions of superintendent and Assistant Superintendent of Public Baths and Comfort Stations in the borough of Brooklyn.

* Affd., 107 App. Div. 624.

Charles H. Kelby, for defendants.

John J. Delany, Corporation Counsel, for city.

McKeen, Brewster & Morgan, for plaintiff.

GAYNOR, J.: It appears to me that the so-called transfers of the defendants Worstell and McNamara were, in law and in fact, promotions, and contrary to the Constitution (art. 5, § 9) and the Civil Service Statute (City Charter, § 123, *et seq.*), which require that both appointments and promotions shall be from competitive examinations and according to the rating established thereby.

In April, 1903, such an examination was conducted by the municipal civil service commissioners for the positions of superintendent and assistant superintendent of public baths and comfort stations in the borough of Brooklyn; and, on the eligible list made up therefrom, the defendants Worstell and McNamara were rated, respectively, as 7th and 17th, the same list being for both positions.

At that time the defendant Worstell held the inferior position of bath attendant at a salary of $900 a year, having been appointed from an eligible list for that position. On July 6th, 1903, he was transferred, at the request of the appointing officer and by a certificate of the city civil service commissioners, to the position of assistant superintendent of public baths and comfort stations at a salary of $1,500 a year; and, on December 1st in the same year, he was transferred, in the same way, to the position of superintendent at a salary of $2,500 a year.

If he was eligible to be transferred from assistant superintendent to superintendent, he would first have to be legally an assistant superintendent. I do not think he was such. His transfer from the position of bath attendant to that of assistant superintendent was a promotion, and contrary to the Constitution and the statute. If city civil service rule 14 (formerly rule 40) could be construed to sanction it, such rule would be void. Those prior to him on the eligible list cannot be crowded off in any such way.

The case of McNamara is even worse. He was transferred to the position of assistant superintendent of public baths and comfort stations with a salary of $1,500 a year on December 29th, 1903, from a third grade clerkship in the bureau of buildings of the borough of Brooklyn with a salary of $1,050 a year. Though seventeenth on the eligible list he, in this way, got the position over the heads of those ahead of him on the eligible list.

The positions of bath attendant and third grade clerk, from which these two defendants were transferred, have duties entirely different to those of superintendent and assistant superintendent of baths and comfort stations. This is so manifest that it does not need to be stated.

Judgment for the plaintiff as prayed for.